**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SUNBELT RENTALS, INC.**                                                              **PLAINTIFF**

**V.**                                                                    **NO.4:21-CV-101-DMB-JMV**

**BEULAH GLOBAL FARMS,
LLC**                                                                               **DEFENDANT**

## OPINION AND ORDER

Sunbelt Rentals, Inc. seeks a default judgment against Beulah Global Farms, LLC, for breach of contract and related damages. Because the Court finds that a default judgment is procedurally warranted and that the pleadings establish a sufficient basis for default judgment, the motion will be granted.

## I
## Procedural History

On August 16, 2021, Sunbelt Rentals, Inc., filed a complaint in the United States District Court for the Northern District of Mississippi against Beulah Global Farms, LLC, asserting diversity jurisdiction. Doc. #1. The complaint alleged a breach of contract claim based on Beulah's failure to pay invoices for equipment it rented from Sunbelt under a rental contract, and alternative claims for "Action on Open Account" and "Unjust Enrichment." *Id.* at 2–5. Sunbelt sought a judgment against Beulah for the principal amount of the rental contract, "service charges that have accrued and will continue to accrue until the unpaid principal … is fully collected, attorneys' fees and other costs and expenses [it] has incurred and will continue to incur to collect the amounts owed to [it], all other damages [it] has suffered, pre-judgment interest, and post-judgment interest, and … any other and further relief that this Court deems just and proper." *Id.* at 5–6.

Four days later, because the complaint alleged both Sunbelt and Beulah were LLCs but did "not identify the members of either LLC or allege the citizenship of Sunbelt's members," the Court ordered Sunbelt to show cause why this matter should not be dismissed for lack of diversity jurisdiction. Doc. #3. Sunbelt filed an amended complaint clarifying that it "is a Corporation formed under the laws of North Carolina" with its "principal place of business … in South Carolina" and that Beulah's three members are citizens of Mississippi.[1] Doc. #5 at 1–2. The amended complaint asserts the same claims and seeks the same relief against Beulah as the original complaint. *Id.* at 2–6.

Sunbelt moved for entry of a default against Beulah on December 22, 2021. Doc. #9. The Clerk of Court entered a default against Beulah on January 5, 2022. Doc. #10. About a month later, Sunbelt filed a motion for default judgment against Beulah. Doc. #11. On April 4, 2022, the Court denied the motion without prejudice because Sunbelt, in violation of the Court's Local Rules, attached exhibits to its memorandum brief rather than to the motion. Doc. #13. Later the same day, Sunbelt filed another motion for default judgment against Beulah. Doc. #14.

## II
## Analysis

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369,

---

[1] Sunbelt's identification of Beulah's members is based "[u]pon information and belief." Doc. #5 at 2.

at *3 (W.D. Tex. June 28, 2012) (emphases omitted) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). The first two steps have been satisfied here. Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F. Supp. 3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) ("[B]ecause Eltman has not filed any responsive pleading, there are no material facts in dispute.").

Second, Beulah's failure to respond causes prejudice to Sunbelt because it "threatens to bring the adversary process to a halt, effectively prejudicing [Sunbelt's] interests." *Id.*

Third, as mentioned above, the grounds for default (default and entry of default) have been clearly established.

Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Beulah has not attempted to set aside the default in the ten months since it was entered. "[W]hile default judgment is a harsh remedy, any harshness is mitigated [when defendants have] had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, in the event Beulah later seeks to challenge the default, the Court is unaware of any facts that would make it "obliged to set aside the default." *Lindsey*, 161 F.3d at 893.

Considering these factors, the Court finds they all weigh in favor of a default judgment being procedurally warranted in this case.

## B.  Sufficient Basis in Pleadings

"In light of the entry of default, [a defendant is] deemed to have admitted the allegations set forth in [the p]laintiff's [c]omplaint." *J & J Sports*, 126 F. Supp. 3d at 815.  However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").  Addressing the "sufficient basis in the pleadings" requirement, the Fifth Circuit has stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements. … and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint.
>
> Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

4

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (cleaned up).

### 1. Factual allegations

On or around May 21, 2020, Carla Nicosia, Beulah's president, executed a credit application with Sunbelt on Beulah's behalf.[2] Doc. #5 at ¶ 8. "By submitting its Application, Beulah agreed to Sunbelt's Terms and Agreement …" *Id.* at ¶ 10. The Terms and Agreement provided that the "Customer has received, read, understands and accepts all of the terms and conditions of Sunbelt's rental contract" and that "the Rental Contract terms are deemed incorporated into and made a part of this Agreement and each and every rental/sale of equipment." Doc. #5-2 at PageID 67. Sunbelt approved Beulah's application in or around June 2020, which established an open credit account permitting Beulah to rent equipment from Sunbelt. Doc. #5 at ¶ 12. Beulah began renting equipment from Sunbelt in or around July 2020. *Id.* at ¶ 13.

"Beulah agreed to Sunbelt's Rental Contract and Terms and Conditions ('Rental Terms and Conditions') when it accepted each piece of Equipment and received each invoice." *Id.* at ¶ 14. The Rental Terms and Conditions include a provision which informed Beulah of an obligation to "pay all of Sunbelt's costs, including reasonable costs of collection, court costs, [and] attorneys and legal fees." *Id.* at ¶ 15.

"Beginning on July 31, 2020, Beulah became overdue on rental payments for the Equipment." *Id.* at ¶ 16. "To collect on these past due amounts, on July 1, 2021, Sunbelt served a formal demand to Beulah via email and U.S. Mail …." *Id.* at ¶ 17. As of August 16, 2021,[3] Beulah had not remitted payment for overdue invoices, resulting in an outstanding balance, including service fees, equal to or in excess of $77,873.93. *Id.* at ¶ 18–19.

---

[2] The credit application identified in the complaint as Exhibit A is titled, "Credit Application Entry/ Inquiry." Doc. #5-1. The final page of Exhibit A is "3 of 4" but page 4 is absent. *Id.*

[3] This date reflects when the complaint was filed.

5

**2. Claims**

To establish a breach of contract claim,[4] Sunbelt must demonstrate "(1) the existence of a valid and binding contract, and (2) … that the defendant has broken, or breached it." *Watkins & Eager, PLLC v. Lawrence*, 326 So. 3d 988, 991 (Miss. 2021) (internal quotation marks omitted). A contract exists when six elements are present: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *White v. Jernigan Copeland Att'ys, PLLC*, 346 So. 3d 887, 896 (Miss. 2022) (cleaned up).

Sunbelt alleges the existence of an agreement between it and Beulah (two or more contracting parties), specifying it provide Beulah with rental equipment in exchange for the promise of payment (consideration), which includes definite terms, and which was accepted and agreed to by both parties. There is no indication any party lacked capacity to contract. *See Manhattan Nursing & Rehab. Ctr., LLC v. Hollinshed*, 341 So. 3d 991, 993 (Miss. Ct. App. 2022) ("The law presumes a person sane and mentally capable to enter a contract. The burden is upon the party seeking to avoid an instrument on the ground of insanity or mental capacity to establish it by a preponderance of proof.") (internal alteration omitted) (quoting *Frierson v. Delta Outdoor Inc.*, 794 So. 2d 220, 224 (Miss. 2001)). Finally, the Court is unaware of any legal prohibition precluding contract formation. Accordingly, Sunbelt has alleged the existence of a valid contract and its breach by Beulah due to Beulah's alleged failure to pay the invoices as required by the contract. There is a basis in the pleadings to support Sunbelt's claims against Beulah.

---

[4] The choice of law provision in the Rental Terms and Conditions states that "Sunbelt reserves the right to bring legal action in whatever jurisdiction Sunbelt deems necessary, whose laws, at the option of Sunbelt, shall govern this Agreement." Doc. # 5-2 at PageID 68. Sunbelt cites Mississippi law in its memorandum. *See* Doc. #15 at 5; *Lagrone v. OMNOVA Sols.*, No. 1:16-cv-159, 2018 WL 1570810, at * 2 (N.D. Miss. Mar. 31, 2018) ("Mississippi generally upholds choice of law provisions where the contract is valid and binding.").

## C. Remedies

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (collecting cases). Rather, "the burden of establishing damages rest[s] squarely and solely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

In its motion for default judgment, Sunbelt seeks $70,388.36 for the principal amount due; "accrued service charges of 1.5% from June 18, 2020, until January 25, 2022, in the amount of $13,201.91 and additional service charges that will continue to accrue until the Unpaid Principal Amount is fully collected;" $3,687.77 for "pre-judgment interest at a rate of 8% from May 31, 2021 until January 25, 2022, … and all interest that subsequently accrues through the date of the judgment;" post-judgment interest under 28 U.S.C. § 1961(a); and "a declaration that Beulah is liable for [its] reasonable and necessary attorney's fees and costs, the amount of which the Court will determine in response to [its] post-judgment motion under Federal Rule of Civil Procedure 54(d)." Doc. #14 at 3. In support of its damages, Sunbelt relies on the declaration of Catherine Hargis, a "manager in [its] Corporate Credit & Collections Department." Doc. #14-1. Hargis' declaration and its exhibits show that the balance on Beulah's account totals $70,388.36, and that Beulah has incurred service charges totaling $13,201.91 through January 25, 2022, for a total of $83,590.27. *Id.*; *see* Docs. #14-5, #14-6. Thus, damages in that amount are supported by the record.

With respect to pre-judgment interest,[5] Mississippi Code § 75-17-7 provides that "[a]ll

---

[5] "State law governs the award of prejudgment interest in diversity cases." *Harvey v. Caesars Ent. Operating Co., Inc.*, 790 F. App'x 582, 593 (5th Cir. 2019) (quoting *Harris v. Mickel*, 15 F.3d 428, 229 (5th Cir. 1994)).

judgments or decrees founded on any … contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered." As here, where damages are liquidated and the agreement does not include an interest rate, courts may award pre-judgment interest from the date of the breach until the judgment at a rate the court determines appropriate. *Burnseed Oil Co. Inc. v. Grynberg*, 320 F. App'x 222, 232 (5th Cir. 2009) (collecting various sources). Consistent with Sunbelt's request and Fifth Circuit precedent interpreting Mississippi law, the Court determines an award of pre-judgment interest on the principal amount from May 31, 2021, until the date of this ruling at a rate of 8% yearly is appropriate. *See id.* (awarding 8% prejudgment interest); Doc. #15 at 6 ("For the Court's ease of calculation … Sunbelt will not seek interest prior to the due date of the most recent invoice, May 31, 2021.").

As to post-judgment interest, "[i]n diversity cases, federal law controls the award of postjudgment interest." *ExxonMobil Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 419 (5th Cir. 2017). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, Sunbelt is entitled to post-judgment interest at the statutory rate. *See Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013) ("Postjudgment interest is not discretionary but shall be calculated from the date of the entry of the judgment, as a rate equal to the weekly average 1-year constant maturity Treasury yield.") (cleaned up) (quoting 28 U.S.C. § 1961).

Finally, with respect to attorneys' fees and costs, Sunbelt does not seek an award at this time but requests a declaration that Beulah is liable for such upon its filing of a post-judgment motion. Doc. #15 at 6–7. Under the parties' agreement, Beulah agreed "to pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees, not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable

expenses incurred by Sunbelt in exercising any of Sunbelt's rights and remedies." Doc. #14-3 at PageID 173. So, under the agreement, Sunbelt is entitled to attorneys' fees and costs.

**IV**
**Conclusion**

Sunbelt's motion for default judgment [14] is **GRANTED**. A default judgment will be entered against Beulah and Sunbelt for $83,590.27 in damages plus $8,270.48 in pre-judgment interest, for a total of $91,860.75 plus post-judgment interest. Beulah is also liable for Sunbelt's attorneys' fees and costs upon the filing of a motion for such by Sunbelt and a determination by this Court that the amount is reasonable.

**SO ORDERED**, this 18th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**